IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADAM MERCE, an individual, and EMILY DEMONG, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARK W. GREENWOOD, M.D.; DAVID M. POPE, M.D.; KIRK R. ANDERSON, M.D.; IHC HEALTH SERVICES, INC., a Utah Corporation, dba SEVIER VALLEY HOSPITAL; and IHC HEALTH SERVICES, INC., a Utah Corporation dba UTAH VALLEY REGIONAL MEDICAL CENTER,<br><br>    Defendants. | ORDER REGARDING MOTIONS TO COMPEL AND MISCELLANEOUS DISCOVERY MATTERS<br><br><br><br>Case No. 2:04-CV-00610 PGC |

    In this action, plaintiff Adam Merce, alleges, *inter alia*, that due to negligence of the defendants he suffered brain damage and lost earning potential. This matter is before court on the defendants' joint motion for hearing, expedited status, and scheduling conference (#92).

    The defendants request rulings regarding: (1) the scope and conditions of a vocational rehabilitation examination of Mr. Merce by Sharon Weinberg; (2) Dr. Greenwood's motion to

compel Mr. Merce to undergo a Rule 35[1] neuropsychological examination by Dr. John Knippa; and (3) Dr. Greenwood's request for supplementation of employment and tax information by the plaintiffs.  The parties advise the court that issues regarding scheduling depositions of the defendants' expert witnesses have been resolved.

After considering the motions and memoranda and having been advised in the premises, the court hereby ORDERS the following:

**1.        Scope and Conditions of the Vocational Rehabilitation Examination**

The court ORDERS that Sharon Weinberg, Dr. Pope's vocational rehabilitation expert, may conduct a vocational rehabilitation interview of Mr. Merce for 4 hours and administer 1.5 hours of vocational rehabilitation testing to Mr. Merce.  The court FURTHER ORDERS that such interviewing and testing, shall be conducted in accord with professional standards and shall be audiotaped.

**2.        Neuropsychological Examination**

Mr. Merce has voluntarily placed his brain function and impairment in controversy.  Mr. Merce's counsel has advised the court that he intends to rely on information from Dr. Mooney, Mr. Merce's treating neuropsychologist, at trial.  One of the rationales behind Rule 35 is to place the parties on somewhat equal footing.[2]  The court therefore concludes that good cause for the

---

[1] *See* Fed. R. Civ. P. 35(a).

[2] *See Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993).

neuropsychological exam of Mr. Merce by Dr. Knippa exists.[3]  Additionally, the court determines that the time, place, manner, conditions, and scope proposed by Dr. Greenwood are appropriate.

Accordingly, the court hereby GRANTS Dr. Greenwood's motion to compel Mr. Merce to undergo neuropsychological examination by Dr. Knippa (#83).  The court ORDERS that: (a) The exam will take place at a reasonable date around May 8, 2006 (subject to Dr. Knippa's schedule), on a single day, between the hours of 9:00 a.m. and 6:00 p.m, and at Dr. Knippa's office; (b) The exam will be limited to a neuropsychological exam, involving the assessment of brain function and impairment; (c) Dr. Knippa shall comply with governing professional standards in conducting the exam; and (d) Dr. Knippa will not unnecessarily duplicate testing performed by Dr. Mooney.  The court FURTHER ORDERS that Dr. Greenwood's expert report deadline is extended to thirty days after the examination is conducted, but the extension only applies to the expert implicated in this motion.

The court ALSO ORDERS that all other deadlines shall remain as previously ordered.

**3.      Supplementation of Plaintiffs' Employment and Tax Records**

The court hereby ORDERS that plaintiffs shall supplement their answers to discovery

---

[3] *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (recognizing that in a negligence action, a party who puts his physical or metal condition in controversy provides a Rule 35 movant with good cause for an examination to determine the existence and extent of the alleged injuries).

requests with current employment information on or before May 8, 2006, and with their 2005 tax return as soon as the same is available.

SO ORDERED this 24th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge